IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS DRAKE GREEN, | No. 2:23-CV-1883-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| ACEVES, et al., | |
| Defendants. | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint, ECF No. 1.

   The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply,

1 concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to
2 Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice
3 of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121,
4 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity
5 overt acts by specific defendants which support the claims, vague and conclusory allegations fail
6 to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening
7 required by law when the allegations are vague and conclusory.

### I. PLAINTIFF'S ALLEGATIONS

Planitiff names the following Defendants: (1) Correctional Officer Aceves ("Defendant Aceves"), (2) Lieutenant B. Olivas ("Defendant Olivas"), (3) Sergeant C. Roberts ("Defendant Roberts"), (4) Correctional Officer J. Miramontes ("Defendant Miramontes"), and (5) Sergeant Rodriguez ("Defendant Rodriguez"). See ECF No.1, pg. 2. The incident at issue occurred at the California Medical Facility ("CMF") in Vacaville, California on June 13, 2023. See id. at 1-3.

In his Complaint, Plaintiff separately references the following attachments as supporting facts to the violation of his civil rights: (1) Rules Violation Report, completed by Defendant Miramontes on June 19, 2023, and (2) the California Department of Corrections and Rehabilitation 602-1 Grievance form, completed by Plaintiff. See id. at 4-6. Plaintiff does not himself allege any facts in his complaint, but merely refers to these attachments. See id. at 4-6. Below the Court summarizes the two attachments.

Rules Violation Report

On June 13, 2023, at approximately 9:53 am Defendant Miramontes responded to a radio call for a disruptive inmate at CMF in Vacaville, Ca. See id. at 8. Defendant Miramontes arrived on scene and identified Plaintiff. See id. Sergeant Heath immediately ordered Plaintiff to submit to restraints. See id. Plaintiff complied, and allowed Defendant Miramontes to apply Handcuff Mechanical Restraints, while Sergeant Heath held Plaintiffs shoulder. See id. Defendant Aceves conducted a clothed body search for contraband and weapons, but subsequently found

none. See id. As Defendant Aceves and Defendant Miramontes escorted Plaintiff, Plaintiff continued to yell profanities. See id. As Plaintiff and the officers approached Plaintiff's assigned cell, Plaintiff attempted to pull away from custody. See id. Immediately, Defendant Miramontes forced Plaintiff's body to the floor, while giving orders to stop resisting. See id. Eventually, Plaintiff complied and was placed in a recovery position, where another clothed body search was conducted. See id. Afterwards, Defendant Miramontes and Defendant Aceves escorted Plaintiff to the Triage and Treatment Area to have a 7219 Medical Evaluation completed. See id.

### Plaintiff's Grievance

On June 13, 2023, between 9:00 am and 10:30 am, Plaintiff was in the Unit 1 Corridor of R-1 at CMF in Vacaville, California. See id. at 12-13. Plaintiff had been talking to himself in the R-1 Corridor when he was approached by Defendants. See id. at 12. Defendants then inquired as to why Plaintiff was being "disruptive" in the area. See id. Plaintiff explained he was hearing voices that caused him to become agitated. See id. During this exchange, Defendants asked Plaintiff for identification. See id. Plaintiff asked why Defendants needed his identification, and they insisted this request was a direct order. See id.  One of the Defendants pressed an alarm button and the remaining Defendants surrounded Plaintiff. See id. One Defendant slammed Plaintiff's head against a window, while another aggressively handcuffed Plaintiff. See id. Then, Plaintiff was escorted back to his unit, where he heard one Defendant say, "Slam him." See id. The officers began "beating [Plaintiff] down" until they were on his back and Plaintiff struggled to breathe. See id.

Plaintiff asserts in his grievance concerning the incident that the actions of the Defendants caused him the following physical injuries in violation of his Eighth Amendment rights: a swollen hand, swollen feet, punches to the face, and punches to the body. See id. at 4. Plaintiff alleges no investigation was conducted as a result of these events, in violation of his Fourteenth Amendment rights. See id. at 5. Plaintiff also claims Defendant Rodriguez and the other Defendants issued a retaliatory action in violation of Plaintiff's First Amendment rights. See id. at 6. As a result of his three claims of Eighth Amendment, Fourteenth Amendment, and First Amendment violations, Plaintiff requests $150,000.00 in compensatory damages and $450,000.00

in punitive damages. See id. at 7.

## II.  DISCUSSION

Plaintiff's complaint is defective because Plaintiff has failed to allege any facts linking the named defendants to a constitutional violation.  To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

In this case, Plaintiff's complaint consists entirely of reference to two attached documents – the rules violation report ("RVR") and Plaintiff's inmate grievance ("602").  For each of his three claims, Plaintiff states: "See RVR dates 6/13/23" and "See CDCR 602-1 dated received 6/20/23."  ECF No. 1, pgs. 4-6.  Though Defendants Miramontes, Roberts, and Olivas are listed on the RVR as reporting and reviewing officers, the narrative of the RVR does not mention any named defendant, other than Defendant Aceves.  See id. at 8-9.  The RVR thus does not indicate what Plaintiff's allegations against the named defendants are and certainly does not put any named defendant on notice of the nature and factual bases of Plaintiff's claims.  Similarly, the attached 602, which is Plaintiff's grievance following issuance of the RVR, does not mention any of the named defendants and thus fails to put them on notice.

Plaintiff will be provided an opportunity to file an amended complaint which contains Plaintiff's own statement of facts and claims without reliance on attached documents.

4

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's original complaint is dismissed with leave to amend; and
2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: January 18, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE